UNITED STATES of America,
Plaintiff-Appellee,

v.

DeROSE INDUSTRIES, INC., Defendant-Third-Party Plaintiff-Appellant.

v.

AMERICAN STANDARD, INC., et al.,
Third-Party Defendants.

No. 75–1300
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 1975.

Timothy E. Kelley, Dallas, Tex., for defendant-third-party plaintiff-appellant.

Roby Hadden, U. S. Atty., Houston Abel, Asst. U. S. Atty., Tyler, Tex., for plaintiff-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

The only issue presented by this case is whether the trial judge erred in denying defendant's motion for a new trial. Since we find no error we affirm.

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

The plaintiff, United States (Government), sued DeRose Industries, Inc. (DeRose) for breach of contract and breach of warranties stemming from a fire which destroyed a government building that DeRose had constructed. The Government alleged that the fire was caused by an improperly installed hot water heater which was placed too close to a flammable wall in violation of the clearance specifications of the contract between the Government and DeRose. DeRose denied that the fire resulted from heat being conducted from the water heater to the adjacent wall. Alternatively, appellant argued that the Government's acceptance of the completed construction was conclusive except as to "latent defects, fraud or gross mistakes" and that if the water heater was improperly installed it was a patent defect. On appeal, DeRose has abandoned its contentions concerning the patency of the defect and now relies on the sole ground that the jury made an "irrational" finding in concluding that the fire could have been caused by the close proximity of the water heater to a flammable wall.

On July 22, 1965, the Government contracted with DeRose to build some prefabricated trailers for use as dormitories for a Job Corps Conservation Center in Ottawa, Ohio. DeRose erected two of the dorms, which were completed November 22, 1965. The Government inspected the trailers, accepted them as substantially complete and allowed the Job Corpsmen to occupy them as of February 2, 1966. On March 7, 1966, the Government made final payment to DeRose for constructing the dormitories. However, on April 5, 1966, Dormitory 2 caught fire and was totally destroyed with damages being stipulated at $101,693.79.

The jury found specifically that the fire in question was caused by the close proximity of the hot water heater to the adjacent wall of the hot water heater closet. The District Judge denied DeRose's motion for a new trial and from this denial the appeal contends that the jury verdict was irrational and based on false information for three reasons: (1) because the water heater in question was insulated and incapable of sufficient external heat to cause a fire; (2) because wood cannot possibly ignite at 180° F., which was the maximum rated temperature for the water heater; and (3) because the opinion of the Government's expert witness was formulated after testing a wall material which was not found in the heater closet.

DeRose's first contention that the jury verdict is irrational is based on the belief that the outside jacket of the water heater was incapable of reaching 180° because the water heater was insulated. The only support for this contention is the testimony of a wholesale plumbing dealer who was shown a picture of a water heater made by the same manufacturer and stated that he assumed it would be insulated[1] and in his opinion would never get hot enough to cause a fire,[2] and the testimony of defendant's expert witness who was of the opinion that the heater was insulated.[3] To the contrary, the Government's expert testified that the heater in question was not insulated, although he admitted that he had not taken the heater apart.

A jury is free, of course, to believe the testimony of one witness and reject the testimony of another, *Globe Indemnity Company v. Richerson,* 5 Cir., 1963, 315 F.2d 3, 6. Thus we cannot say that the verdict of the jury is without support in the evidence.

1. App. 386. The picture was never introduced into evidence and never specifically identified by the witness as to what model water heater it was. It is therefore only speculation that the picture of the water heater shown to the witness, which he thought was an insulated water heater, was the same model as that found in the dormitory which burned.

2. App. 393.

3. App. 401. The defendant's expert, however, admitted that he was unable to ever obtain or examine the same type water heater that was in the dormitory and only examined one that was of similar specifications.

 The defendant asks that we take judicial notice of the fact that wood cannot ignite at a temperature of 180° Fahrenheit. No treatise, scholarly article or any other such work is cited in which this contention is set forth. The testimony by the respective expert witnesses at the trial was diametrically opposite. The Government's expert, a professional fire and explosion investigator with exceptional credentials,[4] testified that under certain circumstances it was possible for wood to ignite at less than 200° Fahrenheit. The defendant's expert, a professional engineer with a Ph.D. degree in physical-chemical engineering, testified that it was his opinion that it was impossible for a temperature of less than 200° F. to cause any sort of combustion.

In this status of the evidence, we cannot use judicial notice as the basis for a reversal.

 The defendant's final contention that the testimony of the Government's expert witness is deficient because it was based on tests conducted on a wall material not found in the water heater closet is without merit. The defendant presupposes that it was proven what kind of material was in the water heater closet. The record, however, belies this assumption. The contract called for a type of material known as Marlite to be used in the *wash* room, however, it also required that a different material, a type of plywood, be used in the storage and *utility* rooms. It was never shown whether the water heater closet was considered to be a utility room or a part of the wash room. Two witnesses testified that they thought Marlite was used as a wall covering while another witness testified that plywood was used.

Disputed questions of fact are for the resolution of a jury.

The judgment of the District Court is Affirmed.

---

4. The Government's expert has been a fire and explosion investigator since 1939 conducting over 1,000 investigations in all 50 states and 3 foreign countries. He has written a manual for the Navy concerning fire investigation and is the author of the standard textbook in his field, entitled *Fire and Arson Investigation.* See App. 100–04.