# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60325
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2016

Lyle W. Cayce
Clerk

JAI PURAN SINGH,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A095 320 945

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jai Puran Singh, a native and citizen of Nepal, petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) removal order and denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. He argues that the BIA allowed the IJ to disregard the REAL ID Act when assessing the credibility of the Department

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of Homeland Security's (DHS) witnesses.  He also argues that the DHS's evidence was hearsay, unreliable, and insufficient to establish his removability by clear and convincing evidence.

The IJ's and BIA's credibility determinations are substantially reasonable and supported by the record.  As the BIA observed, the IJ was free to credit the testimony of Singh's United States citizen ex-wife and the United States Citizenship and Immigration Service officers over that of Singh and his three children.  *See United States v. DeRose Indus., Inc.*, 519 F.2d 1066, 1067 (5th Cir. 1975).  Singh has failed to show that, under the totality of the circumstances, "the evidence is so compelling that no reasonable fact finder could fail to find otherwise." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009).  Because the credible testimony and documentary evidence established that Singh entered into a fraudulent marriage with the intent to procure an immigration benefit and that he testified falsely in an attempt to secure United States citizenship, Singh has failed to show that the BIA erred in affirming the IJ's determination that he was removable as charged.  *See* 8 U.S.C. § 1182(a)(6)(C)(i); *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Singh also contends that the IJ and BIA erred in applying the prior adverse credibility determination to his application for relief from removal.  However, the denial of Singh's application for relief from removal was not based solely on the prior adverse credibility determination.  The IJ and BIA also found that Singh had failed to meet his burden for the requested relief because he did not offer oral testimony in support of his application.  Singh has abandoned any challenge to the IJ's and BIA's alternative ruling by failing to address the issue in his petition for review.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).  Accordingly, the petition for review is DENIED.